## SUPREME COURT—IN BANCO.

### JANUARY TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

KAUHI, APPELLANT, *vs.* KEONI LIAIKULANI, APPELLEE,—IN THE ESTATE OF LIAIKULANI, DECEASED INTESTATE.

A NEW TRIAL may be had for newly discovered and material evidence.

THE ADJUDICATION of matters not requiring adjudication is not conclusive on the right of parties.

No ESTOPPEL results from the acts of a party unless their meaning is clear, and the party was aware of the right they affect.

In November, 1852, administration on the intestate's estate was granted by the Probate Court in Honolulu to the appellant's parents, Kalawa and Mahiai, the latter of whom was the intestate's sister and died in 1862. They were also appointed guardians of the appellee as the supposed son and heir of the intestate, on the testimony of the said Kalawa and others to that effect. In June, 1871, on petition by the appellee for final distribution of the estate, the appellant claimed to be heir as next of kin, and denied that the appellee was the intestate's son. The Court decreed in favor of the appellee, but the jury on appeal found for the appellant. The record of the probate proceedings of 1852 was submitted

Kauhi *v.* Keoni Liaikulani, in the Estate of Liaikulani, deceased.

to the jury, the Court declining to rule that they were con-
clusive on the appellant's rights.   The appellee moved in
arrest of judgment on the ground that the appellant is estop-
ped by this record from denying that he is the intestate's
son; and also moved for a new trial on the ground of newly
discovered evidence.   Exceptions were taken to the denial of
these motions.

HARTWELL, J. :  The decree of a Court of competent jurisdic-
tion is generally conclusive in matters which required to be
adjudicated as a basis for the decree.   In granting administra-
tion, the intestacy of the decedent requires to be determined,
and that fact when so determined should not afterwards be
questioned by parties to the proceedings.  But if the Court
should go on to decide other matters not then requiring adju-
dication, as for instance who the heirs are, such adjudications
would have no conclusive effect.   In appointing a guardian,
the Court has only to find *prima facie* cause for such appoint-
ment.   But that in any *ex parte* or preliminary proceedings
in probate, there is a final adjudication of heirship, kindred
or legitimacy of birth or marriage, is more than can be
admitted.   Such questions are always open on hearings for
final distribution.    There is then no formal adjudication
which is conclusive on the *status* of the appellee.

But a party may preclude himself from denying what he
has once asserted to be true, on the principle of equitable
estoppel, whereby a man can take no advantage from his
own wrong.   In order that the representation or act of a
party shall operate as an estoppel, it must be clear that it was
made advisedly, or at least "negligently in disregard of the
rights of others who are reasonably authorized to rely upon
them."   Per Bayley, J.   Heane *vs.* Rogers, 9 B. & C., 577.
The intention to influence another and the influence must be
made clear.   Welland Canal *vs.* Hathaway, 8 Wend., 480;
Dezell *vs.* Odell, 3 Hill, 215; Saunders *vs.* Robinson, 7 Met.,
314; Freeman *vs.* Cooke, 2 Exch., 654; Watkins *vs.* Peck,

13 N. H., 360; Thayer *vs.* Bacon, 3 Allen, 164; Barker *vs.* Binninger, 14 N. Y., 270; Copeland, 28 Me., 529. The foregoing cases fully illustrate the view that no one is thus estopped by his own acts or words, unless he was aware of the right of which he is said to be estopped, and that an estoppel does not arise from acts or words of which the meaning and significance are doubtful. The very doubt concerning the meaning of the acts alleged as an estoppel requires to be considered by the jury, who might perhaps be instructed concerning their conclusiveness provided they were satisfied of the original intent.

The appellant's parents thought that the appellee was the intestate's son and heir, and they took the appointment as his guardians on the strength of this belief. But by native customs and ideas concerning adopted children, they would have taken the same course if the appellee were merely adopted as a son and heir, as if he had been the child of the blood. We can not say then, that the appellant's parents have thereby estopped him from showing the truth in the matter, although the record is strong evidence against him. The exception to the denial of the motion in arrest is accordingly overruled.

The affidavit of newly discovered and material evidence shows that Kauhi, alleged by the appellant's witnesses to be the true father of the appellee, is ready to testify that he is not the father, and that this evidence was not discovered until after the trial. That this is new and material evidence, must be admitted. It is not clear that the appellee used due diligence to ascertain concerning this testimony, but in view of the great conflict of evidence in the case, the doubt about the exercise of proper diligence may be given in favor of the appellee, and a new trial ordered.

A. F. Judd for the appellant.

W. C. Jones for the appellee.

Honolulu, February 21st, 1872.