KAAHANUI LOPEZ and ANTONE J. LOPEZ, her husband *vs.* MARGARET SOY YOUNG and SOY YOUNG, her husband; MARIA KAAI and KAHOIWAI KAAI, her husband.

*REHEARING.

HEARING, APRIL 20, 1893.                    DECISION, MAY 17, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Acquiescence in acts alleged to have been done in pursuance of a written agreement made by an attorney in excess of his authority, cannot estop a party from denying the agreement, unless he knew of it and that the acts were done in reliance upon it.

To entitle one to specific performance of an oral contract on the ground of part performance, it must appear, among other things, that the acts of part performance are referable to a contract such as that alleged, and to no other title, and that the party sought to be charged knew that they were being done on the faith of the contract; and there must be proper parol evidence of the contract itself.

OPINION OF THE COURT, UPON REHEARING, BY FREAR, J.

It is unnecessary to repeat the facts of this case which were set forth in the former opinion of the Court. It is sufficient to say that one Henry Gordon, deceased intestate in 1879, leaving property consisting chiefly of a half interest in a plantation at Waialua, Oahu, which was afterwards sold for $27,500 and also a small piece of land at Lahaina, Maui. The plaintiff, Kaahanui, was the widow, and the defendants Margaret and Maria and certain others were the children of said Gordon. By way of compromise and settlement of the estate, a written agreement was executed by A. J. Cartwright, as attorney in fact of both the plaintiffs and defendants and certain others, and by W. R. Castle, as attorney in fact of one

* See page 113 *ante* for first decision.

of the other children, whereby the widow was to have in lieu of dower the land at Lahaina and $8500, and the children were to have the balance of the money. The widow received the $8500 and entered upon and has ever since been in possession of the land. The children received the balance of the money and the defendants have since spent the amounts received by them. The bill, which is for specific performance of the agreement to convey the land, was dismissed on the ground that the attorney who executed the agreement on behalf of the defendants exceeded his authority.

It is now urged, upon a rehearing granted by the Court, that, admitting that the attorney exceeded his authority, the defendants are nevertheless estopped from denying the written agreement, or at least an oral agreement which has been partly performed, because of their acquiescence in the same, as shown by their having received their shares of the money and allowed the plaintiffs to enter upon and occupy the land, and also because they have spent their portion of the money and are unable to restore the plaintiffs to their former position.

Now, it does not appear that the defendants cannot restore the plaintiffs to their former position. The estate at the time of its division consisted mainly of the money and the land above mentioned. The land remains as it was, and although the money has been spent, it does not appear that the defendants have not other property out of which they may be able to make good any inequality in the former division of the estate. Indeed, plaintiffs do not claim more than the land in question, which, as already said, remains as it was. But, however that may be, the fact, if fact it be, that by reason of the defendants' acts the plaintiffs cannot be restored to their former position, is not of itself sufficient to prove a contract or to sustain a bill for the specific performance of a contract, although it may be an additional reason for granting specific performance of a contract which is otherwise proved. Neither is the mere acquiescence in a state of circumstances sufficient to support such a bill. Acts or conduct

of a party which may be relied upon as an estoppel by way of defense, or even in support of some other form of bill, are not necessarily sufficient to support a bill for specific performance. To support such a bill there must be distinct proof of a contract acquiesced in by the party sought to be charged.

The only contract set forth and relied upon in the bill is a written contract. This was executed by the defendants' attorney in excess of his authority and in their absence, and there is not the slightest evidence to show that they ever knew or heard of the document. There can be no acquiescence without knowledge. Herman on Estop. & Res. Jud., Secs. 768, 1029, 1062, 1066; *Kauhi vs. Liaikulani,* 3 Haw., 356.

But it is argued that there was at least an acquiescence in an oral agreement partly performed, of which the defendants must have had knowledge, for they received their shares of the money under the agreement and allowed the plaintiff Kaahanui to receive her share of the money and to take and hold possession of the land. Without deciding whether the plaintiffs may rely upon an oral contract partly performed where in their bill they have set forth and relied upon only a written contract, we may say that in order to take an oral contract out of the statute of frauds on the ground of part performance, it must appear, among other things, that the acts of part performance are not only such as are referable to a contract such as that alleged, but that they are referable to no other title; that they were done with the knowledge of the parties sought to be charged not only that they were being done, but that they were being done on the faith of the contract; and there must also be proper parol evidence of the contract itself. Fry on Spec. Perf. (3d. Ed.), Secs. 557–561, 565; 8 Am. & Eng. Encyc. of Law, 740–744; Browne on St. of Frauds, Secs. 476, 477, 493. In the present case not one of these conditions is fulfilled.

The money belonged to both the children and the widow and was to be divided among them, contract or no contract, and the widow by virtue of her dower right, had an interest in

the land and was just as much entitled to occupy it as were the children. The division of the money and the occupation of the land were at least equivocal acts, and not necessarily, or even reasonably, referable only to a contract. It cannot be assumed that the defendants knew of and acquiesced in these acts as done in pursuance of or reliance upon a contract, or that these acts are evidence of the terms or even the existence of a contract. Nor is there any other evidence to show these things, but on the other hand, the defendants testify that they knew nothing of the alleged agreement, but supposed the widow had only a life interest in the land. Nor is it strange that they made no objections to her exclusive possession of the land, she being their mother. See Browne, St. of Frauds, Sec. 481.

Plaintiff's counsel relies especially on *Browne vs. Wheeler*, 17 Conn., 345, but that was an action of trespass, and not a bill for specific performance, and the party whose acts were set up as an estoppel signed the agreement himself, and afterwards accepted a deed given in confirmation of the agreement. There was not even a pretence that the party did not fully understand the agreement, and know that the acts were done in reliance upon it.

We see no reason for altering the former conclusion of this Court, and the decree appealed from must stand.

*W. R. Castle*, for plaintiffs.

*J. A. Magoon*, for defendants.