## W. W. DIMOND *v.* E. C. MACFARLANE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 30, 1897.      DECIDED SEPTEMBER 27, 1897.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY, IN PLACE OF JUDD, C.J., ABSENT.

A contract for a lease or sublease of lands is "a contract for the sale" of an "interest in or concerning lands" within the meaning of the statute of frauds.

Part performance of an original oral contract will not take a subsequent oral modification thereof out of the statute for the purposes of specific performance in equity.

A document drawn partly in pursuance of an oral contract but rejected because of material variations therefrom is not such a written memorandum of the contract as will take it out of the statute.

OPINION OF THE COURT BY FREAR, J.

This is a suit in equity for specific performance. The bill sets forth an oral agreement whereby Dimond was to assign to Macfarlane his lease from the Trustees of the B. P. Bishop estate of the premises occupied by him as a residence at Waikiki, Honolulu, and Macfarlane was to sublet to Dimond a specified portion

of the premises, at a specified rental and upon the terms and conditions contained in the lease, for the remainder of the term of the lease and for the entire term of any renewal or extension thereof that Macfarlane might obtain from the Trustees; that the lease was assigned by Dimond as agreed; that thereafter it was agreed that the sublease should cover certain portions of the premises to a considerable extent different from the portion originally agreed upon; and that Macfarlane refuses to execute and deliver a sublease of the substituted portions of the premises upon the terms and conditions agreed upon.

The defendant demurred to the bill upon several grounds, the only one of which that need be considered being in substance that the agreement sought to be enforced, that is, the last agreement, was not in writing as required by the statute of frauds, and that there was no part performance to take it out of the statute in equity.

The portion of the statute in question is that which requires to be in writing, etc., "any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them." Comp. L., p. 309. There can be no question that the agreement in question was a "contract" and that its subject matter was an "interest in or concerning lands," within the meaning of the statute. See *Evans v. Roberts*, 5 B. & C. 839. Complainant's argument is that the contract was not for a "sale" and chiefly because there was no money consideration or price. No doubt a pecuniary consideration is a necessary element of a "sale" as that term is usually employed, especially with reference to personal property. But the term may have a different meaning under special circumstances and, in our opinion, considering the object of the statute, which is the prevention of frauds and perjuries, the term "sale" was not intended in this instance to have its more usual and narrower meaning. This seems to have been the general understanding both here and elsewhere.

In *Mokuai v. Kapuniai*, 6 Haw. 160, it was held that a gift or transfer of land in consideration of "natural love and affection" was within the statute. In *Nam Chong & Co. v. Lau*

*Kona*, 9 Ib. 371, the court, holding that "sale" as used in the Married Women's Act of 1888 did not include "lease," said: "The term sale may well be held to include a lease under some statutes, as for instance, our statute of frauds, where such appears to be the manifest intention of the legislature." In *Kamauleule v. Nagamoto*, Ib. 385, the court said: "Defendants contend that the lease was surrendered—not by agreement of the parties, for that is required by the statute of frauds to be in writing—but by operation of law." In *People's I. & R. Co. v. Haw. Elec. Co.*, Ib. 434, it was taken for granted by both court and counsel that an agreement for an exchange of leases was within the statute. In *Vierra v. Ropert*, 10 Haw. 301, 345, it was likewise taken for granted that an agreement for a renewal was within the statute. In *Harrison v. Bruns*, Ib. 397, it was held that an agreement for the purchase of a lease by one of several persons on joint account was within the statute.

Our statute, it is true, differs from the English statute and from the statutes in many of the United States, which either refer expressly to leases or contain other words such as "creation," "transfer," etc., as well as "sale." But, as a rule, the courts have paid more attention to the main purpose of the statute than to slight differences in wording. In some states, however, the wording is substantially the same as in our statute. For instance, in Massachusetts the words of the statute are or were: "A contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them," Gen. Sts., p. 527. In *Townsend v. Townsend*, 6 Met. 319, the parties agreed that one of them should convey certain premises to the other and that the other, among other things, should give back a lease of the premises; the former executed the deed but the latter refused to give the lease. The court held the agreement to give the lease to be within the statute above quoted. See also *Merrill v. Pease*, 51 Vt. 556. In Indiana the words of the statute were: "Any contract for the sale of lands." 3 Reed, St. of Fr., 295. In *Green v. Groves*, 109 Ind. 519, it was agreed that a wife should join her husband in a mortgage of his land and

that the mortgagee should, upon acquiring title through fore-closure and purchase, convey a portion of the land to her. He refused to do so. The agreement was held to be within the statute.

It is further contended that, even if the agreement is within the statute, there has been such part performance thereof as will take it out of the statute in equity. The part performance re-lied upon is the assignment of the lease by Dimond to Macfar-lane. Without expressing an opinion as to whether that is a part performance sufficient to take the original agreement for a sub-lease out of the statute, we are of the opinion that it does not af-fect the substituted agreement. The assignment of the lease hav-ing been made prior to the substituted agreement could not have been made in reliance upon it. It is referable to the first, not to the second agreement. See *Opunui v. Kauhi*, 8 Haw. 650; *Lopez v. Soy Young*, 9 Ib. 117; *Vierra v. Ropert*, 10 Ib. 301, 345. Subject to certain exceptions not applicable to the present case, the general rule is that a subsequent oral modification of a contract is governed by the same rules as the original contract so far as the statute of frauds is concerned. 2 Reed, St. of Fr., Sec. 454 *et seq*.

It is contended, thirdly, that there was a memorandum of the agreement signed by the party to be charged. The bill shows that there was delivered to the complainant by Mr. J. O. Carter, acting for Macfarlane, a paper writing purporting to be a lease from Macfarlane to Dimond of the substituted portions of the premises but that it contained terms and conditions materially different from those agreed upon and that on that account the paper writing was returned to Mr. Carter. If we could assume, as complainant contends we should, that the paper writing was signed by Macfarlane, still on complainant's own showing the paper writing was not a memorandum of the agreement sought to be enforced and was rejected by complainant for that very reason.

The decree appealed from is affirmed with costs.

*Humphreys & Macdonald* for complainant.

*Kinney & Ballou* for respondent.