## Y. IDETA *v.* S. KUBA.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 5, 1913.                    DECIDED NOVEMBER 20, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EASEMENTS—*statute of frauds.*

A way appurtenant to land is an easement—an interest in the land across which it runs—which under the statute of frauds, as well as at common law, may not be created by parol.

LICENSES—*parol license revocable.*

A parol license for a right of way over the land of the licensor, where no expenditures of money have been made or improvements constructed in reliance upon its assumed permanency and the *status quo* may be restored without loss to the licensee, may be revoked at the will of the licensor.

### OPINION OF THE COURT BY ROBERTSON, C.J.

This is a bill for an injunction in which the complainant averred that he is the lessee of the land described in R. P. 1788, L. C. A. 3145, situate on the east side of the Pauoa stream, in Pauoa, Honolulu; that the respondent occupies land bordering on the west side of said stream and lying between the land of the complainant and a public highway which was constructed within ten years last past, known as the "Horseshoe Road;" that from time immemorial the land of the complainant has had access to a public road about twenty feet wide running along the west bank of said stream with the right to use the same for all purposes including the passage of wagons, the same being called the "old road;" that within ten years past, by mutual agreement between complainant and respondent, the latter closed up the old road leaving only a foot-path along the bank of said stream and as a consideration therefor gave to the complainant a new road about twenty feet in width over respondent's land for use for all purposes including the passage of wagons, which said new road ran in a straight line from said stream to said "Horseshoe Road;" that the complainant assist-

ed in the making of said new road and paid money for its construction; that the new road since its completion has been used by complainant, and is the only means of access to his premises by wagon; that within the last month the respondent has closed and blocked up said new road and prevented the complainant from using it, and threatens to permanently close it up, at the same time keeping closed the old road except as to the said foot-path, all to the irreparable injury and damage of the complainant. In his answer the respondent admitted the existence of a public way along the west bank of said stream having a width of from three to six feet but denied that there was a wagon road at that place; denied the alleged mutual agreement whereby the old road was closed and a new way across respondent's land to the Horseshoe Road given to the complainant; and denied that he has closed up the new road except under the following circumstances: "That on or about the 1st day of May 1911, complainant requested respondent to allow said complainant the use of a road for his wagons across respondent's premises to the public highway, promising to pay respondent for said privilege, and that respondent did agree with said complainant to allow him to make such road across his premises and use the same for the express and stipulated payment of ten dollars and said privilege and license expired on the 31st day of December 1911. That thereafter and before the 31st day of December 1912, respondent notified complainant that he would not renew said privilege and license, in view of the damage done to his premises by complainant's wagon and cattle in passing over said road and closed up said road for the use of complainant's wagons and cattle and that said road was never intended by respondent to become a public highway over his, the respondent's premises, but was merely a license and privilege requested and paid for by said complainant, the term of which said license and privilege has now expired." The respondent moved for judgment on the pleadings but that point will be passed by.

Of the averments in the bill of complaint that which referred to the complainant's having paid out money for the construction of the new road was not supported by any testimony. And we doubt whether the complainant proved by a preponderance of evidence that the old road was reduced in width and the new road opened pursuant to a mutual agreement between the parties. The fact probably was in accordance with the testimony of the respondent that he decided to reduce the old way to a foot-path in accordance with his understanding of its former condition, and to open a new road into his land for purposes of his own and regardless of the complainant's wishes or claims in the premises.. However, we will assume that there was testimony tending to support a finding that the change was made partly at least because of the consent of the complainant to accept the substituted right of way in lieu of the old one. The evidence also shows that the new road which was made in March 1911 was opened into the land of the respondent mainly for the respondent's own purposes, and that such labor as was contributed by the complainant and his partner in the making of the road was given voluntarily. The complainant testified to having constructed a small bridge across the stream at an expense of about fifteen dollars but it does not appear that in so constructing it he relied entirely upon the new road being kept open permanently or that the bridge would not be useful otherwise.

The circuit judge held that "the complainant had a license from the respondent to travel over his land situate between the new road (meaning the Horseshoe Road) and the Pauoa stream subject however to revocation by the respondent upon the restoration of the privilege of travel previously enjoyed by the complainant and his predecessors in title along the Ewa (west) bank of Pauoa stream and over the land of respondent," and an injunction was granted against the respondent "to be dissolved when the complainant has been restored to the use of the privilege previously enjoyed by him along the Ewa bank of

the Pauoa stream over the land of the respondent to the satisfaction of the court."

We are of the opinion that the decree should be reversed. The theory upon which the bill was drawn and which finds some support in the complainant's testimony was that a new permanent right of way for all purposes was by mutual agreement to be substituted for one which had theretofore existed along the bank of the stream. In this connection the respondent presents the contention that as the alleged agreement was upon the complainant's own testimony only orally made it is not enforcible and the complainant acquired no rights from it. It is evident that this contention must be sustained. The alleged oral agreement, if made, was an attempt to create a right of way over the premises of the respondent as an appurtenance of the land of the complainant. It is elementary that a way appurtenant to land is an easement—an interest in land—which under the statute of frauds, as well as at common law, may not be created by parol. 20 Cyc. 216; Jones on Easements, Sec. 80.

In this court counsel for the complainant argued that while the old right of way was an easement the new right of way is a license which is irrevocable so long at least as the respondent deprives the complainant of the use of the old road, and that the attempted revocation under the circumstances was without effect. In their brief they cite a great many cases in support of that point "that licenses may be irrevocable," including *Lopez* v. *Soy Young*, 9 Haw. 117, and *Dimond* v. *Macfarlane,* 11 Haw. 181. Those were suits for specific performance in which the question was raised whether the agreements were taken out of the statute of frauds because of part performance, and it was held in each case that the statute applied and the relief sought was denied. We think neither of those cases help the complainant in this case. There is much conflict of authority on the question whether and under what circumstances a license purporting to be of a permanent nature but orally given may not be revoked to the detriment of the licensee. We think

it is not necessary to review the many cases on this subject which are cited in the appellee's brief, or to go into the consideration of the much discussed question, as in our opinion the case at bar does not fall within the class of cases in which the conflict has arisen.   In the case at bar there were no expenditures of money made, or improvements constructed in reliance upon an assumed permanency of the license.   What little assistance was rendered by the complainant in the making of the new road was voluntarily given, and if the old road existed as an easement of the description alleged in the bill and testified to by the complainant we find nothing in the record going to show that the complainant would be prevented in a proper case from insisting upon its being reopened.   The record does not show that the *status quo* cannot be restored.   We think the testimony showed quite clearly that the complainant had merely a license to use the new road across the respondent's land, though that testimony came mainly from the side of the defense.   In our judgment the case presents an illustration of a simple parol license bare of any special or complicating features—a mere personal privilege—which under all the authorities is revocable at the will of the licensor.   1 Washburn, Real Prop. (4th ed.) 632; 25 Cyc. 645.   We conclude that the respondent was acting within his rights in the premises when he revoked the license, that his right to revoke it was subject to no condition, and that the complainant failed to show that he was entitled to the injunction sought.   The case is therefore remanded to the circuit judge with instructions to dismiss the bill.

*J. A. Magoon* (*N. W. Aluli* with him on the brief) for complainant.

*L. Andrews* (*Andrews & Quarles* on the brief) for respondent.

### CONCURRING OPINION OF DE BOLT, J.

I am inclined to the view that the record shows that the new right of way is an executed license; but the great weight of authority is, as I believe, that neither the execution of the

license, nor the incurring of expense, nor both combined, affect the right of the licensor to revoke. 18 Am. & Eng. Ency. Law, 2d ed., 1146; 25 Cyc. 647; *Pifer* v. *Brown,* 49 L. R. A. 497, 526; *Wood* v. *Leadbitter,* 13 M. & W. 838. I therefore concur in·the conclusion reached by the other members of the court, that the case be remanded to the circuit judge with instructions to dismiss the bill.