## J. G. HENRIQUES *v.* Z. P. KALOKUOKAMAILE, JOSE MEDEIROS AND I. KATO.

## No. 996.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

HON. J. W. THOMPSON, JUDGE.

ARGUED APRIL 9, 1917.                    DECIDED APRIL 18, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

MORTGAGES—*mortgage of leasehold.*

　　The assignment of a lease of land by way of mortgage is not a chattel mortgage, but the conveyance of an interest in real estate within the meaning of R. L. Sec. 3118.

RECORDS—*lease—subsequent purchaser.*

　　An unrecorded mortgage of a lease of land is void as against ·one who, in good faith and without actual notice of the mortgage, takes a lease of the land from the owner, the lessor having in the meantime reentered for breach of condition on the part of the original lessee to pay rent.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an action of ejectment to recover possession of a parcel of land containing an area of twelve acres, situate at Kalama 5, South Kona, county of Hawaii, described in Royal Patent (Grant) No. 1185. There was a verdict for the defendants, and the plaintiff brings exceptions under which it is contended that the judgment should be reversed because of certain errors committed by the trial court in instructing the jury.

The title set up by the plaintiff was a term for years under an assignment by way of mortgage of a lease of the land made by the defendant Kalokuokamaile, the owner of

the fee, to one K. Aoyama for the term of twenty years from February 9, 1910, the mortgage being dated August 2, 1911, the defeasance clause providing for the payment to the mortgagee, in three months from that date, of the sum of fifty-five dollars. The mortgage was not recorded nor was its execution followed by immediate and continued possession of the land by the mortgagee. The theory upon which the case was tried by the plaintiff evidently was that as upon the expiration of three months from the date of the mortgage the mortgagor had not paid the sum mentioned the mortgagee had entered upon the land and taken possession, and, upon tender of the rent to the lessor, became his tenant without going through the formality of foreclosing the mortgage. The plaintiff testified that on or about the 13th day of November, 1911, he went to the premises and found Aoyama, and other Japanese, engaged in taking down a wooden water tank; that he told them to desist, saying "the place is mine;" that the Japanese completed the dismemberment of the tank and went away; that the plaintiff sent for his brother and son, and the three remained on the premises to see that the lumber of the tank should not be taken away during the night; that on the following morning the Japanese reappeared and proceeded to remove the lumber; that the defendant Kalokuokamaile and others also came to the place; that the plaintiff upon remonstrating with the Japanese was attacked by them; that a fracas ensued in which Aoyama stabbed the plaintiff with a knife and, in turn, was shot and killed by the plaintiff's son; and that subsequently the lumber was taken away and the tank was afterwards set up on other land of Kalokuokamaile; that about a month after the occurrence of the row the plaintiff happened to meet Kalokuokamaile and then told him that he had "bought the place" from Aoyama, but that Kalokuokamaile took the position that since the death of Aoyama the premises had reverted to him; and that in the

following February Kalokuokamaile refused to accept rent from the plaintiff. There was no evidence that the plaintiff ever occupied the premises in question or that he attempted to exercise any right of ownership thereon further than above stated. At the time of the commencement of this action the defendant Kato was in possession of the premises.

The defendant Kalokuokamaile testified that Aoyama had not paid the instalment of rent which fell due in August, 1911; that after the death of Aoyama he spoke to Aoyama's brother in regard to the lease, and was told by the brother to "take everything;" that regarding the Aoyama tenancy as terminated he, on February 9, 1912, leased the land to the defendant Medeiros; that at the end of about a year Medeiros abandoned the premises, and on March 4, 1914, he leased the premises to the defendant Kato for the term of fifteen years. Medeiros was not a witness and it does not appear that he claims any present interest in the land.

If upon the uncontradicted evidence in the case the plaintiff was not entitled to recover judgment for the possession of the land it will not be necessary to consider the exceptions touching alleged errors in the charge to the jury. *Pilipo* v. *Scott, ante* pp. 26, 31.

Section 3120 of the Revised Laws provides that every mortgage or other conveyance of personal property, not accompanied by immediate possession and followed by an actual and continued change of possession of the things mortgaged or conveyed, shall be void as against subsequent purchasers, in good faith for a valuable consideration, unless the mortgage or other conveyance shall be recorded in the office of the registrar of conveyances. And the case has been argued by counsel upon the assumption that that section is applicable to this case. It is held, however, that statutes relating to chattel mortgages have no application

to mortgages of chattels real, and that mortgages or assignments of leaseholds, if required to be recorded, should be recorded under the statutes relating to the record of titles to real estate. Jones on Chattel Mortgages, Sec. 280; 6 Cyc. 1082; *Booth* v. *Kehoe,* 71 N. Y. 341; *Jennings* v. *Sparkman,* 39 Mo. App. 663, 667. That, doubtless, is so in this Territory, but it does not affect our conclusion that in this case the exceptions must be overruled. Section 3118 of the Revised Laws provides that all deeds, leases for a term of more than one year, or other conveyances of real estate shall be void as against any subsequent purchaser in good faith and for a valuable consideration, not having actual notice of such conveyance. That section applies, of course, to mortgages of land, and, as we believe, to mortgages of leaseholds also. The statute differentiates between conveyances of real estate and conveyances of personal property and includes leases of land for a term of more than one year in the former category. That is consistent with the view that the provision of the statute of frauds (R. L. 1915, Sec. 2659) as to contracts for the sale of any interest in lands, includes a lease of land. See *Dimond* v. *Macfarlane,* 11 Haw. 181. That a lease of land is a conveyance of real property, and a lessee is a purchaser for a valuable consideration, see *Waskey* v. *Chambers,* 224 U. S. 564. The lease to Aoyama was put on record on March 13, 1912, presumably at the instance of the plaintiff, but in the meantime the lessor had reentered for breach of the covenant to pay rent, and had leased to Medeiros. There was no evidence that Medeiros, when he took the lease, knew that Aoyama had held a lease of the land or that the plaintiff claimed an interest in the premises as the assignee of Aoyama's lease, or otherwise. The plaintiff himself testified that it was after he had heard that Medeiros had obtained a lease of the land that he notified him of his (plaintiff's) claim. Kato's lease was recorded on January 30, 1915,

but there was no evidence that he had notice of the assignment by way of mortgage of Aoyama's lease to the plaintiff. His testimony that he was first informed by the plaintiff of his claim in June or July, 1915, was uncontradicted. There was no evidence in the case which could have supported a finding that either Medeiros or Kato was not a purchaser in good faith, for a valuable consideration, without notice of the conveyance to the plaintiff.

In this court counsel for the appellant argued that the conveyance by Aoyama to Henriques was not a mortgage but a conditional sale, but he failed to show wherein any advantage would accrue to the appellant even if that view could be taken. However, the instrument was offered in evidence by counsel for the plaintiff as a mortgage; at his request instructions framed upon the theory that it was a mortgage were given to the jury; and we are of the opinion that the trial court was right in holding it to be a mortgage.

We hold that upon the uncontradicted facts of the case a verdict in favor of the plaintiff could not have been upheld; that the verdict for the defendants was right; and that if any errors occurred in the instructions given to the jury they were harmless.

Exceptions overruled.

*J. Lightfoot* (*Lightfoot & Lightfoot* on the brief) for plaintiff.

*Harry Irwin* (*W. H. Beers* with him on the brief) for the defendants Kalokuokamaile and Kato.

*E. K. Aiu* for the defendant Medeiros.