IN RE TAXES HENRY A. WHITE.

No. 2169.

ARGUED SEPTEMBER 20, 1934.                    DECIDED OCTOBER 24, 1934.

COKE, C. J., BANKS AND PARSONS, JJ.

· OPINION OF THE COURT BY COKE, C. J.

This appeal by Henry A. White from a decision of the tax appeal court presents for construction the purpose and effect of certain provisions of the territorial tax statutes and particularly sections 21 and 22 of Act 40, 2d Sp. S. L. 1932, and section 4 of Act 41 of the same laws, which grant under certain circumstances a tax exemption to home owners. The trustees of the estate of Bernice P. Bishop, deceased, are the owners of a certain residence lot containing an area of 0.237 acre, situated at Kahala, City and County of Honolulu. There is a one-story frame dwelling house on the property and the premises are under lease to the appellant and are occupied by him as a home. The lease from the Bishop Estate to appellant runs for a period of thirty years from the first day of March, 1932.

Under the terms of the lease the lessee is required to pay all tax assessments, etc., levied or imposed upon the property. The lease further provides that the lessee will have the right, at the end of the term, to remove from the land demised all improvements thereon erected by or belonging to him save and except fences, piping, etc. The trustees of the Bishop Estate, as the owners of the realty, filed a return of the property for the year 1933, with the tax commissioner as required by law. In due time the property including both land and improvements was assessed by the tax commissioner upon a valuation of $5169. The appellant thereupon perfected an appeal to the tax appeal court of the Territory where the cause was heard and a decision rendered sustaining the assessment fixed by the tax commissioner. From this decision the appellant brings the cause to this court on appeal.

The value of the property is not in dispute but appellant claims the benefit of a home exemption. This presents the sole question involved in the present controversy.

The only tax return filed with the tax commission for the year 1933 was that of the trustees of the Bishop Estate. In this return the trustees designated themselves owner and the appellant lessee of the property. If the appellant is, as he now claims, the owner within the contemplation of the statute then it was incumbent upon him to file a return as prescribed in section 28 of Act 40. His failure to do so as well as the fact that he is prosecuting this appeal under the authority granted by section 55 of Act 40 is entirely inconsistent with his present claim of ownership. This section reads: "Appeals by persons under contractual obligations. Whenever any person is under a contractual obligation to pay a tax assessed against another, such person shall have the same rights of appeal to the board of review and the tax appeal court and the supreme court, in his own name, as if the tax were as-

sessed against him, provided that the person against whom such tax is assessed shall also have a right to appear and be heard on any such application or appeal."

Section 4 of Act 41, 2d Sp. S. L. 1932, which amends section 1331, R. L. 1925, provides: "Home exemptions. (a) Real property owned and occupied only as his or their home by any individual or individuals, shall be exempt only to the following extent from property taxes: 1. Totally exempt upon that portion of the value thereof not in excess of $1500.00; 2. Exempt as to one-half of that portion of the value thereof in excess of $1500.00 but not exceeding $5000.00. (b) Provided, however: 1. That no such exemption shall be allowed to any corporation, co-partnership or company; 2. That such exemption shall not be allowed on more than one home for any one tax-payer; 3. That a husband and wife shall not be permitted exemption of separate homes owned by each of them, unless they are living separate and apart, in which case they shall be entitled to one exemption, to be apportioned between each of their respective homes in proportion to the value thereof; 4. That no person living on premises, a portion of which is used as a store, shall be entitled to an exemption thereon. (c) For the purposes of this section, the word 'home' shall include the entire homestead when the same is occupied by the taxpayer as such and shall also include houses where the owner sublets not more than one room to a tenant, and also shall include premises held under an agreement to purchase the same for a home, where the agreement has been duly entered into and recorded prior to January 1st of the year for which the exemption is claimed, whereby the purchaser agrees to pay all taxes while purchasing said premises."

Counsel for appellee concedes that the appellant is the owner of the buildings on the demised premises. We refrain from discussing this phase of the case beyond ex-

pressing grave doubt that the appellant, under the terms of his lease, is presently vested with the legal title to the buildings on the leasehold. The point, however, becomes unimportant in light of the statute which by express terms grants the exemption to the real property and not to the buildings or improvements thereon or to the owner thereof. It is true that a lease of real property such as the one in question is a conveyance by way of demise of a limited estate in land. *Henriques* v. *Kalokuokamaile,* 23 Haw. 706. But it is not a conveyance of the fee. The word "owner" is used both colloquially and in the law to designate a great variety of interests in property. As titles and rights to real property vary from the absolute and unqualified fee to that of a mere occupant so the word "owner" or "ownership" varies in its significance. As pointed out in *Johnson* v. *Crookshanks,* 21 Ore. 339, 340: "The precise meaning" (of the word owner) "depends upon the nature of the subject matter and the connection in which it is used; but when applied to real estate, without any qualifying words in common as well as legal parlance, it *prima facie* means an owner in fee." In every case where construction is necessary to determine the sense in which the word is used the object sought to be reached by the statute is the most important consideration. *State* v. *Leuch,* 144 N. W. 1122-1123. (See also *Davis* v. *Cincinnati,* 36 Oh. St. 24.) It is clear to us that the purpose sought to be accomplished by the legislature was not only to lighten the tax burden of the individual owning and occupying land as a home but also to encourage others to acquire property for homes and by this we mean permanent, as distinguished from temporary, places of abode. Section 4 (c) of Act 41 specifically provides that the word "home" shall include premises held under an agreement to purchase the same for a home where the agreement has been entered into prior to the first day of January of the

year for which the exemption is claimed and in which the purchaser agrees to pay all taxes while purchasing the premises. The provisions of section 22, Act 40, are plainly indicative of the legislative intent to withhold the privileges of homestead exemptions from lessees of private property. The section reads: "Real property shall be assessed in its entirety to the owner or owners thereof. For the purposes of this Act, life tenants, executors, administrators, trustees, guardians or other fiduciaries and *lessees holding under any government lease or license may be considered as owners* during the time any real property is held or controlled by them as such." If, as contended for by appellant, a lessee of land other than government-owned is to be deemed to be the owner of the realty for tax exemption purposes then the provision in section 22 above quoted expressly extending the privilege of a home exemption to the lessee of government property was a mere idle gesture. If the legislature had intended to allow an exemption such as is claimed in this case it could and would have expressed that purpose by words not admitting of doubt.

It is a well-known rule of law applicable here that exemptions from taxation must be strictly construed against the exemption. *Berryman* v. *Board of Trustees of Whitman College*, 222 U. S. 334. And it is also fundamental that the burden of proof is upon the party claiming an exemption to make it entirely clear that by contract or otherwise the property is not subject to taxation. *Metropolitan St. Ry. Co.* v. *New York*, 199 U. S. 1. The rule also is, exemption from taxation is never to be presumed. The legislature itself cannot be held to have intended to surrender the taxing power unless its intention to do so has been declared in clear and unmistakable terms. *St. Louis* v. *United Ry. Co.*, 210 U. S. 266, 275.

It is clear to us that the territorial legislature did not

intend to grant the benefits of a home exemption to a lessee of privately owned real property.

It follows that the decision of the tax appeal court should be and the same is affirmed and the appeal herein dismissed.

*R. L. Forbes* (*Robertson & Castle* on the briefs) for the taxpayer.

*G. P. Kimball,* Deputy Attorney General (also on the brief), for the assessor.

